# United States District Court, Northern District of Illinois

MHW

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2733 | **DATE** | 6/11/2010 |
| **CASE TITLE** | Gillespie vs. City of Chicago et al. | | |

## DOCKET ENTRY TEXT

Final pretrial conference held on June 11, 2010. The Court's rulings on the motions *in limine* are detailed below. Enter Final Pretrial Order.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

**DEFENDANTS' MOTIONS IN LIMINE**

**1. Motion to bar evidence and testimony about complaint registers or IPRA Investigations**

Defendants' motion is DENIED. The factual basis of the evidence, as represented in the briefs, is sufficiently close to the circumstances in this case so as to constitute *modus operandi*. The evidence may be admitted.

**2. Motion to bar Clifford Butler's testimony at trial**

Defendants' motion is DENIED in part. Clifford Butler may not testify as a witness unless he appears for deposition at least one week prior to the beginning of trial.

**3. Motion to bar any mention of Plaintiff's grandmother Edie McCormick**

Defendants' motion is DENIED. However, Edie McCormick may not testify as a witness unless she appears for a deposition a week prior to the beginning of trial.

**4. Motion to bar any argument that acquittal equates to innocence**

Defendants' motion is DENIED as moot. The Court shall issue Plaintiff's jury instruction #25, as opposed to Defendants' proposed jury instruction #23. This will eliminate any need for argument as to whether Plaintiff's criminal proceedings terminated in a manner indicative of his innocence.

# STATEMENT

### 5. Motion to bar any argument that the jury should send a message to the City or punish the City

Defendants' motion is DENIED. The Court will consider timely objections to improper arguments made during trial.

### 6. Motion to bar any argument that the police have a code of silence, general cover-up misconduct, or conspire to protect other officers

Defendants' motion is DENIED in part. Plaintiff may argue and inquire about the existence of bias on the part of officer witnesses. However, Plaintiff may not argue without any factual basis that a general code of silence exists.

### 7. Motion to bar any argument that the City indemnifies the individual Defendants

Defendants' motion is GRANTED, with the caveat that Plaintiff may introduce evidence of indemnification if Defendants attempt to portray themselves as financially strained and unable to pay a compensatory or punitive damage award. *See Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998). If Defendants refer to their financial constraints during closing arguments, the Court will immediately reopen the trial for the admission of additional evidence or instruct the jury as to the City's indemnification of its police officers.

## PLAINTIFF'S MOTIONS IN LIMINE

### 1. Motion to bar evidence of Plaintiff's prior murder conviction.

In 1995, Plaintiff was convicted of murder and received a 22-year prison sentence. He was released in 2005. Rule 609 permits the admission of a prior felony conviction if the witness was released from confinement within ten years of his testimony.

Plaintiff's prior crime reflects on his character for truthfulness in the same inferential manner that any felony does. Yet, the fact that the prior conviction was for murder is extremely prejudicial. Under the Federal Rules of Evidence, the impeachment value of a felony is not related to the type of felony committed, be it fraud or murder. Accordingly, Plaintiff's is GRANTED in part and DENIED in part. Defendant may introduce evidence that Plaintiff was convicted of a felony, but may not reference the precise crime for which he was convicted.

### 2. Motion to bar evidence of Plaintiff's prior bad acts and character evidence

Plaintiff's motion is GRANTED as unopposed. Defendants do not intend to admit evidence of any arrests or bad acts for propensity purposes.

### 3. Motion to bar evidence of witnesses' criminal history and prior bad acts, including arrests and convictions

Plaintiffs' motion is DENIED as to his three felony convictions within the last ten years. His motion is GRANTED as to any other convictions.

## STATEMENT

### 4. Motion to bar evidence of gang affiliations and tattoos

Plaintiffs' motion is GRANTED. The probative value of the evidence is outweighed by danger of unfair prejudice to Plaintiff. *See U.S. v. Butler*, 71 F.3d 243, 251-52 (7th Cir.1995)

### 5. Motion to bar evidence that the area where Plaintiff was arrested is a high crime or gang area

Plaintiff's motion is DENIED. A person's presence in a high crime area is not enough on its own to support a suspicion of criminal activity warranting a Terry stop, much less probable cause for arrest. *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000). However, an officer can take into account whether an observable incident occurs in a high crime area when determining if probable cause exists for an arrest. *See id.; Tom v. Voida*, 963 F.2d 952, 959-60 (7th Cir. 1992) (flight in a high crime area, coupled with abandonment of what the officer believed to be a stolen bicycle, provided probable cause for arrest). Evidence that Plaintiff was arrested was a high-crime area is admissible because, in combination with other contextual considerations, that information is relevant to whether the officers had probable cause to arrest Plaintiff. Defendants shall not provide details as to the type of crimes committed or reported in the area.

### 6. Motion to bar evidence that Plaintiff's family car was repossessed

Plaintiff's motion is GRANTED as unopposed.

### 7. Motion to bar evidence that Plaintiff owned two cellular phones on the date of his arrest

Plaintiff's motion is GRANTED as unopposed.